```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

FAMILY ENTERTAINMENT GROUP, LLC,  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   No.  11 C 8559
                                  )
BELLAIRE HOSPITALITIES, LLC,      )
                                  )
          Defendant.              )

## MEMORANDUM OPINION AND ORDER

Family Entertainment Group, LLC ("Family Entertainment) has filed a Complaint against Bellaire Hospitalities, LLC ("Bellaire"), seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds.  Because that effort is impermissibly flawed in that Family Entertainment has failed to carry its burden of establishing such jurisdiction, this sua sponte opinion dismisses both the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaw can be cured promptly, the action may then be reinstated.

Here are the Complaint's only allegations that bear on the parties' citizenship:

> 4.  Plaintiff, Family Entertainment Group, LLC ("FEG"), is an Illinois limited liablity company, with its principal place of business in Barrington, Illinois.

> 5.  Defendant, Bellaire Hospitalities, LLC ("Bellaire"), is a Texas limited liability company, with its principal place of business in Houston, Texas.

> 6. The managing member of Bellaire is located in Houston, Texas. Pursuant to an investigation with the Texas Secretary of State's Office, Bellaire does not have any other members.

As that language reflects, Complaint ¶¶4 and 5 speak only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's apparent lack of knowledge[1] of such a firmly established

---

[1] This opinion refers to "counsel's apparent lack of knowledge" because Complaint ¶6 might perhaps reflect some awareness that the relevant facts are the members' states of citizenship. But that possibility is rendered doubtful by the total omission from Complaint ¶4 of any information about the members of Family Entertainment (counsel's own client) and by Complaint ¶6's omission of both the identity and the citizenship of Bellaire's members (as contrasted with saying "located in Houston, Texas"). If Family Entertainment's counsel does try again, full citizenship information as to all the members of both parties must be provided.

2

principle, after well over a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly, as stated earlier, not only Family Entertainment's Complaint but also this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Family Entertainment and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to a vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to Family Entertainment's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2011

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.